IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00175-01-CR-W-DGK |
| ) | |
| PARIS B. YOUNG, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on the Motion of Defendant Paris Young to [Dismiss Case] (Doc. #44). For the reasons set forth below, it is recommended that the motion be denied.

I. BACKGROUND

On June 18, 2018, a Criminal Complaint was filed against defendant Paris B. Young. On June 26, 2018, the Grand Jury returned a four-count Indictment against defendant Young. On July 17, 2019, the Grand Jury returned a four-count Superseding Indictment against defendant Young. The Superseding Indictment charges that on June 16, 2018, defendant Young possessed with intent to distribute "crack" cocaine (Count One), possessed a firearm in furtherance of a drug trafficking crime (Count Two), was a felon in possession of a firearm (Count Three), and possessed a firearm with an obliterated serial number (Count Four).

A hearing on the motion to dismiss was held on January 16, 2020. Defendant Young was represented by appointed counsel Angela L. Williams. The Government was represented by Assistant United States Attorney Jeffrey Q. McCarther. Defendant Young testified at the hearing.

## II. FINDINGS OF FACT

On the basis of the evidence presented at the evidentiary hearing, the undersigned submits the following proposed findings of fact:

1. On June 16, 2018, a Saturday, at approximately 6:55 p.m., defendant Young was pulled over for a traffic stop and Young was placed under arrest. (Tr. at 7-8.)

2. Defendant Young was initially held in the Jackson County jail, but on Sunday, June 17, 2018, Detective Aaron Riley, of the Kansas City, Missouri Police Department, transported Young to the Clay County jail where he was held overnight. (Tr. at 5-6.)

3. A Criminal Complaint was filed (Doc. #1) and a federal arrest warrant was issued for defendant Young on Monday, June 18, 2018. Defendant Young was transported to the federal courthouse at approximately noon on June 18, 2018. (Tr. at 9.) Defendant Young had an initial appearance before Magistrate Judge John T. Maughmer at 2:00 p.m. (Doc. #4.) At that time, defendant Young was advised of the charges contained in the complaint, the penalties he faces if convicted, and his rights. (Tr. at 10; Doc. #4.)

## III. DISCUSSION

Defendant Young seeks to dismiss this case for a violation of Federal Rules of Criminal Procedure 48(b)[1] and 5(a)(1)(A).[2] (Young Mot. to Dismiss at 1; Doc. #44.) Specifically, defendant Young argues that his diversion to the Clay County jail caused an unnecessary delay in taking him before a judge. (*Id.* at 2.)

In *United States v. Rivas-Lopez*, 988 F. Supp. 1424 (D. Utah 1997), the court was presented with arguments similar to those made by defendant Young. The *Rivas-Lopez* court found:

---

[1] Rule 48(b) provides: "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."

[2] Rule 5(a)(1)(A) provides in part: "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . . ."

2

*Motion to Dismiss for Unnecessary Delay*

Defendant moves the court to dismiss the indictment under Rule 48(b) of the Rules of Criminal Procedure. That Rule provides that if there is "unnecessary delay" in presenting a charge to a grand jury or in filing an information against [a] defendant "who has been held to answer to the district court," the court "may" dismiss the indictment, information or complaint. In this case, defendant was not in federal custody during the period of delay, but was in the custody of state officials for a number of days. Although the state officials may have contacted the U.S. Attorney's office following arrest, this does not bestow federal jurisdiction and custody over the defendant for Rule 48 purposes. Accordingly, the motion to dismiss under Rule 48[b] is not well taken.

*Motion to Suppress for Failure to be timely brought before the Magistrate*

Defendant moves the court to suppress under Federal Rule of Criminal Procedure 5(a) because he was not timely brought before a magistrate.[fn] Rule 5(a) provides that after an arrest, the person making the arrest shall take the arrested person "without unnecessary delay" before the nearest available magistrate judge, of if the nearest magistrate is not "reasonably available," to an authorized state or local judicial officer. The judicial officer then is required to determine whether the probable cause requirements of Rule 4(a) have been met. Rule 5(a) attaches only after the accused is taken into federal custody. *Hayes v. United States*, 419 F.2d 1364, 1367-68 (10th Cir. 1969), *cert. denied*, 398 U.S. 941 (1970). Here, defendant was in the custody of state police until the Indictment and warrants were issued. There was no showing by defendant that the state and federal officers were working together to circumvent Rule 5(a). *See Anderson v. United States*, 318 U.S. 350 (1943); *United States v. Rose*, 415 F.2d 742, 743 (6th Cir.), *cert. denied*, 396 U.S. 971 (1969). Therefore, there was no Rule 5(a) violation.

_____

[fn]As to what the Supreme Court deems "timely," *see*, *Riverside v. McLaughlin*, 500 U.S. 44 (1991), in which the Supreme Court held that a jurisdiction that chooses to combine probable cause determinations with other pretrial proceedings must do so as soon as is reasonably feasible, but not later than 48 hours.[3]

*Rivas-Lopez*, 988 F. Supp. at 1427-28.

---

[3]Defendant Young was pulled over for a traffic stop and placed under arrest on Saturday, June 16, 2018, at approximately 6:55 p.m. (Fact No. 1.) Defendant Young had an initial appearance in federal court at 2:00 p.m. on Monday, June 18, 2018 (Fact No. 3), approximately 43 hours after his arrest.

3

As explained in *Rivas-Lopez*, Rules 48(b) and 5(a)(1)(A)[4] only apply after the defendant is taken into federal custody. Defendant Young was in the custody of state police until the Criminal Complaint and arrest warrant were issued. There was no showing by defendant Young that the state and federal officers were working together to circumvent the federal rules. The Criminal Complaint and the federal arrest warrant were issued on Monday, June 18, 2018. (Fact No. 3.) Defendant Young had an initial appearance at the federal courthouse later that day. (Fact No. 3.) There was no violation of Rule 48(b) or Rule 5(a)(1)(A).

IV. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying the Motion of Defendant Paris Young to [Dismiss Case] (Doc. #44).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                   */s/ Lajuana M. Counts*
                                                   Lajuana M. Counts
                                                 United States Magistrate Judge

---

[4]Defense counsel acknowledges that "[t]he proper remedy for a Rule 5 violation is 'not dismissal of an indictment, but suppression of evidence illegally obtained as a result of the violation.' *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017); *see also United States v. Chavez*, [705 F.3d 381 (8th Cir. 2013)]." (Young Mot. to Dismiss at 2; Doc. #44.)